ERNEST M. LOEB CO., Inc., and T. Jeff Feibleman, Appellants v. AVOYELLES DRAINAGE DISTRICT NO. 8 OF PARISH OF AVOYELLES, LOUISIANA., Appellee.

No. 13527.

United States Court of Appeals
Fifth Circuit.

June 20, 1951.
Rehearing Denied Sept. 22, 1951.

Archibald M. Suthon, New Orleans, La., for appellants.

W. E. Couvillon, Chas. A. Riddle, Jr., Marksville, La., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

PER CURIAM.

This appeal is from a judgment for the Drainage District in a suit to require payment by said District of any money in its

hands on certain bonds issued, according to their recitals, under Article 281 of the Constitution of Louisiana, and Act No. 256, LSA–RS 39:501 et seq., 39:701 et seq., and Act No. 317 of the General Assembly of the State of Louisiana, for the year 1910, which authorized the issuance of such bonds after submission of the proposition to the taxpayers of the District. The plaintiff also sought an accounting, and prayed that, if there were insufficient funds to pay the bonds in full, the District be required to extend its levy and collection of taxes so as to enable it to pay off such bonds, or that the District be required to refund the bonded indebtedness. T. Jeff Feibleman intervened, seeking similar relief to that sought by the plaintiff. In 92 F.Supp. 126, the district court held that the evidence established that all funds received by the District were accounted for, and that there had been no irregularities or misapplication of funds; that it was without authority to require the District to extend its levy and collection of taxes; and that it had no authority to require the District to refund the bonded indebtedness.

The plaintiff-appellant, in this court, has abandoned its contention that the Drainage District should be ordered to extend the original acreage tax for a period in addition to that authorized by the voting taxpayers in the original election for the bond issue. We have carefully examined the other specifications of error, and find no ground for reversal of the district court's judgment. It is, therefore, affirmed.

Affirmed.